**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHARON L. STEWART, | DOCKET NUMBER |
| Appellant, | DA-0752-19-0527-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 16, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald Mitchell, Memphis, Tennessee, for the appellant.

Steven Coney, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her separation for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the appellant's new evidence and argument relating to her attempts to exhaust her administrative remedy under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a City Carrier.  *Stewart v. U.S. Postal Service*, MSPB Docket No. DA-0752-19-0527-I-1, Initial Appeal File (IAF) Tab 5 at 56.  The agency issued her a notice of removal on July 26, 2018, and her last day in a pay status was August 27, 2018.  IAF, Tab 1 at 49, Tab 5 at 11-13, Tab 8 at 3.  The appellant first appealed her removal to the Board in 2018, and in a November 7, 2018 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction.  *Stewart v. U.S. Postal Service*, MSPB Docket No. DA-0752-19-0011-I-1, Initial Decision (0011 ID) (Nov. 7, 2018).  The administrative judge found that the appellant failed to nonfrivolously allege that she was a preference eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential clerical capacity.  *Id.* at 6.  Accordingly, the administrative judge found that the Board lacked jurisdiction over the appeal under chapter 75.

*Id.* The appellant did not file a petition for review of that initial decision, and it became final on December 12, 2018.

Approximately 9 months after the initial decision in her first appeal became final, the appellant filed the instant appeal of her separation. IAF, Tab 1 at 2. She indicated that she was filing an appeal under USERRA and/or the Veterans Employment Opportunities Act of 1998 (VEOA), and that she had filed a complaint with the Department of Labor (DOL) on September 5, 2019, but had neither received a decision from DOL nor notified DOL that she intended to file an appeal with the Board. *Id.* at 3.

The administrative judge informed the appellant of how to establish the Board's jurisdiction under chapter 75, and ordered her to file evidence and argument on the issue. IAF, Tab 2 at 2. The administrative judge also informed the appellant that because DOL had not notified her that it had closed her USERRA complaint, it appeared the Board lacked jurisdiction over that claim. IAF, Tab 8 at 2.

On October 23, 2019, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 1, Tab 12, Initial Decision (ID). The administrative judge again found that the appellant failed to nonfrivolously allege that she was a preference eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential clerical capacity. ID at 6. Accordingly, the administrative judge found that the Board lacked jurisdiction under chapter 75. *Id.* Similarly, because the appellant failed to nonfrivolously allege that she was preference eligible, the administrative judge found that the Board lacked jurisdiction over the appellant's VEOA claim that the agency violated her veterans' preference rights. ID at 7 n.9.

The administrative judge also determined that the Board lacked jurisdiction over the appellant's USERRA claim because DOL had not notified her that it had

closed her USERRA complaint. ID at 7-8. The administrative judge concluded that, to the extent the appellant alleged that the agency discriminated against her or committed harmful procedural error, such allegations could not be reviewed absent an otherwise appealable action.[2] ID at 6 n.8.

The appellant has filed a petition for review, asserting that the administrative judge "has erred generally," and requesting that the Board accept jurisdiction over her appeal. Petition for Review (PFR) File, Tab 1. The appellant has also filed a supplement to her petition for review, in which she asserts various wrongdoings by both the agency and the administrative judge. PFR File, Tab 3 at 1-8. For instance, the appellant argues that the agency committed harmful error, a prohibited personnel practice, and failed to mitigate the penalty, *id.* at 1, and that the administrative judge made false statements in violation of 18 U.S.C. § 1001 and abused her office in violation of 25 C.F.R. § 11.448, *id.* at 3-5. The agency filed a response to the petition for review. PFR File, Tab 4.

After the record closed on review, the appellant filed an additional submission. PFR File, Tab 5 at 1. The appellant has not filed a motion for the Board to accept her untimely submission. PFR File, Tab 6. Therefore, except as discussed below to address the appellant's new evidence regarding exhaustion, we have not considered this additional submission. *See* 5 C.F.R. § 1201.114(a)(5), (k) (explaining that the record on review closes after the deadline for filing the reply to a response to a petition for review, and that after that point the Board generally only will accept new and material arguments and evidence).

---

[2] Given her jurisdictional findings, the administrative judge declined to make any findings regarding the timeliness of the appeal or whether the appellant's claims were barred by the doctrine of collateral estoppel. ID at 2 nn.1-2.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly found that the appellant failed to nonfrivolously allege that she is preference eligible as required to establish the Board's jurisdiction under chapter 75 and VEOA.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of establishing jurisdiction over her appeal. 5 C.F.R. §§ 1201.56(b)(2)(i) (A), .57(b).

To appeal an adverse action under chapter 75, a Postal employee must, as relevant here, be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential clerical capacity. *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 21 (2010). When an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an adverse action appeal, she is entitled to a hearing on the jurisdictional question. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). Similarly, to establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A), an appellant must make nonfrivolous allegations, as relevant here, that she is a preference eligible within the meaning of VEOA.[3] *Lazaro v. Department of*

---

[3] Although the administrative judge did not notify the appellant of this VEOA jurisdictional requirement prior to closing the record below, any error was cured by the initial decision, which stated the requirement. IAF, Tab 8 at 3; ID at 7 n.9; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (explaining that an administrative judge's failure to provide proper jurisdictional notice can be cured if the notice is provided in the agency's pleadings or the initial decision, thus affording an appellant the opportunity to meet his jurisdictional burden on petition for review). With her petition for review, the appellant submitted her August 2015 DD-214. PFR File, Tab 1 at 4. We have considered this document, which was already in the record below, because it is relevant to the Board's jurisdiction, a matter that may be raised at any time during the Board proceedings. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016).

*Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Durand v. Environmental Protection Agency*, 106 M.S.P.R. 533, ¶ 11 (2007).

The administrative judge found that the appellant failed to nonfrivolously allege that she was a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential clerical capacity. ID at 5-6. The parties do not challenge that finding on review, and we discern no reason to disturb it.

Instead, the appellant reasserts that she is a preference eligible, specifically pointing to her years of military service, her military medals and other awards, and the disability information contained on her DD-214. PFR File, Tab 1 at 1, 4; IAF, Tab 1 at 1, Tab 10 at 3. We agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that she was a preference eligible under any of these alternatives. ID at 5-6, 7 n.9. For purposes of both chapter 75 jurisdiction in appeals by Postal employees and for jurisdiction under VEOA, the term "preference eligible" is defined by 5 U.S.C. § 2108(3). *See Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶¶ 7-8 (2012) (making this finding as to the Board's jurisdiction over Postal employees in chapter 75 appeals); *Brewer v. Department of Veterans Affairs*, 111 M.S.P.R. 563, ¶ 5 (2009) (making this finding in a VEOA appeal).

One of the ways an appellant may establish that she is preference eligible under section 2108(3) is by showing that she served on active duty in the armed forces during a war. 5 U.S.C. § 2108(1)(A), (3)(A); *Sellers v. U.S. Postal Service*, 98 M.S.P.R. 44, ¶ 9 (2004). The last war for which active duty is qualifying for veterans' preference is World War II, qualifying service for which ended in 1952. *Durand*, 106 M.S.P.R. 533, ¶¶ 15-17. In addition, provided other requirements are met, certain other periods of service may serve as the basis for preference eligibility, including during periods between 1952 and 1976, 1990 and 1992, and 2001 and 2010. 5 U.S.C. § 2108(1)(A)-(D), (3)(A)-(B); 5 C.F.R. § 211.102(a). The appellant served on active duty with the U.S. Army during the

following periods: (1) May 23 to October 17, 1984; (2) November 20, 1985, to December 9, 1987; and (3) May 12, 2013, to September 25, 2015. IAF, Tab 5 at 59-63, Tab 9 at 10. None of these periods of service fall within the dates, listed above, which may serve as a basis for a finding of preference eligibility.

An appellant may also establish that she is preference eligible by demonstrating that she served "during . . . a campaign or expedition for which a campaign badge has been authorized." 5 U.S.C. § 2108(1)(A), (3). These provisions require an appellant to prove both that she was on active duty in the armed forces during or at the time of the campaign, and that she actually served in the campaign or expedition for which the campaign badge was authorized. *Sellers*, 98 M.S.P.R. 44, ¶ 9. An employee's DD-214 form showing receipt of any Armed Forces Expeditionary Medal is acceptable proof of entitlement to veterans' preference. *Id.*, ¶ 10. Here, none of the appellant's DD-214 forms reflect that she has received an Armed Forces Expeditionary Medal. IAF, Tab 5 at 59-63, Tab 9 at 10. To the extent the appellant is relying on her dates of service to qualify as a preference eligible, such evidence is insufficient by itself.

The appellant also refers to the "military disability information" contained in her last DD-214. PFR File, Tab 1 at 1, 4. As defined under Title 5, although a preference eligible includes a "disabled veteran," that term is limited to an individual who "has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or pension because of a public statute administered by the Department of Veterans Affairs or a military department." 5 U.S.C. § 2108(2), (3)(C). The Board has found that an appellant can establish her status as a disabled veteran with, among other evidence showing she was honorably discharged from the armed forces, a letter from the Department of Veterans Affairs stating that she receives disability compensation because of a service-connected disability. *Carey v. U.S. Postal Service*, 50 M.S.P.R. 359, 361-62 (1991). Here, the appellant has provided no

such letter or other documentation showing she has a service-connected disability. Instead, the appellant references her August 2015 DD-214, which reflects that her service in the U.S. Army was honorable and that the narrative reason for her separation was "DISABILITY PERMANENT (ENHANCED)." IAF, Tab 9 at 10. However, neither this document nor any others in the record reflect that the appellant's disability is service-connected, or that she otherwise qualifies as a disabled veteran. Nor has the appellant nonfrivolously alleged facts reflecting that she meets the definition of a disabled veteran.

Accordingly, we discern no reason to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege that she is a preference eligible. We therefore affirm the administrative judge's finding that the appellant failed to nonfrivolously allege the Board's jurisdiction under chapter 75 or VEOA.[4]

<u>The appellant failed to establish the Board's jurisdiction under USERRA.</u>

The administrative judge found that the Board lacked jurisdiction over any claim the appellant sought to assert under USERRA because she did not exhaust her administrative remedy. ID at 7-8. We affirm this finding, as modified below to address the appellant's new argument and evidence on review.

An appellant may file a USERRA complaint directly with the Board without filing a complaint with DOL. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 12 (2007). However, when an appellant first seeks the Secretary of Labor's assistance by filing a USERRA complaint with DOL before

---

[4] The agency argues that the finding in the November 7, 2018 initial decision that the appellant is not a Postal employee who has chapter 75 appeal rights, including that she is not preference eligible, should be given preclusive effect under the doctrine of collateral estoppel. PFR File, Tab 4 at 9-11; 0011 ID at 5-6. The agency also argues that the Board should defer to an arbitrator's decision to deny a union grievance of the appellant's removal. PFR File, Tab 4 at 12; IAF File, Tab 1 at 30-45. When the requirements of collateral estoppel are met, it is not error to decline to apply the doctrine. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988). Given our disposition, we need not address the agency's arguments concerning these alternative bases for dismissal.

filing an appeal with the Board, she must exhaust her administrative remedies prior to submitting her USERRA complaint to the Board. *Id.* USERRA does not provide for exhaustion before DOL as a matter of time; to exhaust her DOL remedy, an appellant must actually receive notice that the Secretary's efforts did not resolve the appellant's complaint. *Id.* (citing 38 U.S.C. § 4324(b)).

Alternatively, if an appellant has requested that the Secretary of Labor refer her complaint to the Office of Special Counsel (OSC) for litigation before the Board, USERRA requires that the appellant receive a notice from OSC that it has declined to initiate an action and represent the appellant before the Board. *Heckman v. Department of the Interior*, 109 M.S.P.R. 133, ¶ 24 (2008) (citing 38 U.S.C. § 4324(a)(2)(B), (b)(4)), *overruled on other grounds by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009). An appellant has the burden of proving exhaustion of his USERRA complaint by preponderant evidence. 5 C.F.R. § 1201.57(a)(3), (c)(1).

The appellant indicated in her initial appeal form that she filed a complaint under USERRA with DOL, that DOL had not made a decision on her complaint, and that she had not notified DOL of her intent to file an appeal with the Board. IAF, Tab 1 at 3; PFR File, Tab 3 at 12. The administrative judge found that because DOL had not notified the appellant that it had closed her USERRA complaint, the Board lacked jurisdiction over her USERRA claim. ID at 7-8.

On review, the appellant provides evidence that she requested that DOL refer her USERRA complaint to OSC. PFR File, Tab 3 at 11-13. She also asserts that she received a letter from DOL stating that it had referred her USERRA complaint to OSC on January 2, 2020. PFR File, Tab 5 at 1. Even assuming the appellant's assertion to be true, a referral of a USERRA complaint from DOL to OSC does not exhaust the appellant's administrative remedies. Instead, under such circumstances, USERRA further requires that the appellant receive a notice

from OSC that it has declined to initiate an action and represent the appellant before the Board.[5] *Heckman*, 109 M.S.P.R. 133, ¶ 24.

OSC is required to decide within 60 days from receiving DOL's referral whether to represent the person who filed the complaint and notify such person in writing of such decision. 38 U.S.C. § 4324(a)(2)(B). However, we are unaware of any law, rule, or regulation conferring jurisdiction on the Board if OSC fails to provide such a notification within the specified period of time. *See* 38 U.S.C. § 4324(b)(3)-(4) (providing that a person may submit a USERRA complaint directly to the Board after receiving OSC's decision); *Graham v. Commodity Futures Trading Commission*, 105 M.S.P.R. 392, ¶ 6 n.* (2007) (explaining that if DOL had referred an appellant's USERRA complaint to OSC, the appellant could not have submitted his USERRA claim to the Board until OSC informed him that it had declined to initiate an action before the Board on the appellant's behalf), *aff'd*, 348 F. App'x 564 (Fed. Cir. 2009). Because the appellant filed a USERRA complaint with DOL and has failed to show that she exhausted her administrative remedies regarding that complaint, the Board lacks jurisdiction over her USERRA claim.

As indicated above, we agree with the administrative judge, even after considering the appellant's new evidence and argument submitted on review, that she has failed to prove exhaustion. The appellant may refile her USERRA claim with the Board should it become ripe for adjudication because she has received notice from OSC denying representation. *See Goldberg v. Department of Homeland Security*, 104 M.S.P.R. 215, ¶ 14 (2006).

---

[5] The administrative judge did not explain to the appellant that, if DOL referred her USERRA complaint to OSC, to establish exhaustion she would then need show that she received notice from OSC that it declined to initiate an action based on that USERRA complaint. Nevertheless, the appellant has continued on review to provide information regarding the processing of her USERRA complaint and indicated that she would have provided such notice from OSC if she had it. PFR File, Tab 5. Because the appellant's evidence and argument relating to exhaustion concerns the Board's jurisdiction, we have considered it here. *See Pirkkala*, 123 M.S.P.R. 288, ¶ 5.

<u>The appellant's other arguments on review do not provide a basis for granting the petition.</u>

On review, the appellant requests that she be allowed to engage in discovery and fully develop her appeal. PFR File, Tab 1 at 2. Discovery requests and responses thereto are not to be filed in the first instance with the Board. 5 C.F.R. § 1201.71. The administrative judge properly advised the parties that they could initiate discovery by serving requests on each other. IAF, Tab 2 at 3-4; 5 C.F.R. § 1201.73(a). Here, there is no indication that the appellant attempted to utilize the Board's discovery procedures below, and she did not file a motion to compel. Accordingly, she is precluded from raising this issue on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (finding that an appellant's failure to file a motion to compel below precludes him from raising a discovery dispute for the first time on petition for review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

The appellant has submitted on review a copy of a Freedom of Information Act (FOIA) request that she made to the agency after the record closed below. PFR File, Tab 3 at 14-19. We decline to consider this evidence because it is not material to the jurisdictional issue. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Specifically, the Board does not have jurisdiction to enforce FOIA. *See Cortright v. Department of Transportation*, 37 M.S.P.R. 565, 570 (1988) (finding that the Board does not have jurisdiction over the issue of whether an agency violated FOIA). That authority rests with the Federal courts. 5 U.S.C. § 552(a)(4).

The appellant argues on review that the agency, among other various wrongdoings, committed harmful error, a prohibited personnel practice, and failed to mitigate the penalty of removal. PFR File, Tab 3 at 1. However, absent an

otherwise appealable action, the Board lacks jurisdiction to consider such arguments. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

The appellant also asserts on review that the agency and the administrative judge committed various crimes.[6] PFR File, Tab 3 at 3-5. We construe the appellant's assertion that the administrative judge abused her office as an argument that she was biased. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). An administrative judge's findings, even if erroneous, are insufficient in themselves to establish bias. *Myers v. Department of Agriculture*, 81 M.S.P.R. 496, ¶ 29 (1999). Here, the appellant has merely asserted in a conclusory fashion that the administrative judge erred, made false statements, and abused her authority. PFR File, Tab 3 at 3-5. These allegations are insufficient to establish bias.[7]

---

[6] The Board lacks jurisdiction to resolve, in these proceedings, whether the agency or the administrative judge violated the criminal laws cited by the appellant. *See Maddox*, 759 F.2d at 10 (finding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

[7] The agency argues that the appellant's petition for review is untimely, as measured from the date she was required to file a petition for review of the first initial decision, dated November 7, 2018. PFR File, Tab 4 at 11. We are not persuaded. The appellant filed a timely petition for review within 35 days of the initial decision in the instant appeal. ID at 1, 9; *see* 5 C.F.R. § 1201.114(e) (explaining that a petition for review is timely if filed within 35 days of the issuance of the initial decision). Thus, the petition for review is timely.

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.